## No. 982.

### PAUL PUJO vs. VICTOR FOUCHY.

A prior conveyance by the U. S. Government of land cannot be defeated by a patent subsequently issued. The oldest entry or purchase will hold the land.

Where two patents have issued for the same land, the youngest patent, if issued upon the oldest entry, will prevail. A patent obtained through error or fraud is void.

APPEAL from the District Court for Calcasieu. HUDSPETH, J.

*Perrodin* and *Leveque* for Defendant Appellant.    *Wells* for Plaintiff.

Both parties derive title from the United States through mesne conveyances, the plaintiff from a patent issued to one Bundy, November 3, 1876, based upon a receiver's receipt to him from the Opelousas land office on May 23, 1839, the defendant from a patent issued to Doyle June 1, 1846, upon a receipt of the same office dated August 26, 1839. The proof was that Doyle knew of the prior Bundy entry, and offered to relinquish all claim for the sum he paid, and that he had applied both at Opelousas and Washington for repayment of his purchase price, and was informed from the general land office that his money would be refunded as soon as he relinquished

the patent issued to him in error. He failed to return his patent, and the patent to Bundy was then issued, which recited on its face that "the land had been improvidently patented to John Doyle on June 1, 1846."

EGAN, J. The subsequent sale in error to Doyle could not affect the validity of the prior sale to Bundy. 2 R. 40; 4 R. 79; 10 A. 133. The United States cannot sell the same land to two different persons. A conveyance by the government cannot be defeated by a subsequent grant or patent. 11 L. 90; 13 A. 523; 16 A. 301; 23 A. 271; 24 A. 511. A patent obtained through error or fraud, or issued through error is void. 4 A. 262; 11 A. 506, 552, 56 1; 1 A. 151; 13 A. 356; 14 A. 77. Where two patents issue for the same land, the youngest will hold if issued on the oldest entry. 10 A. 183; 11 A. 552; 13 Peters, 436; 2 Howard, 318; 5 Cranch, 191.

*Judgment affirmed.*